# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC., <br><br> **Plaintiff,** <br> v. <br><br> WHATLEY KALLAS, LLP, a Colorado Limited Liability Partnership; WHATLEY KALLAS, LLC, a Colorado Limited Liability Company; and CONSUMER WATCHDOG, a California Non-Profit Corporation, <br><br> **Defendants.** | Civil Action No.: |

## COMPLAINT

Plaintiff Aetna Inc. ("Plaintiff" or "Aetna"), for its Complaint against Defendants Whatley Kallas, LLP and Whatley Kallas, LLC (together, "Whatley") and Consumer Watchdog (together with Whatley, "Defendants"), alleges the following:

## INTRODUCTION

1. By this action ("Action"), Aetna seeks indemnity, contribution, reimbursement and damages from Defendants for Defendants' acts, errors, omissions and negligence relating to their supervision of the transmission, as the legal counsel and putative class counsel for certain Aetna members (the "Members"), of the Members' protected health information, the supervision of the settlement administrator which Defendants proposed, and the mailing of a notice to approximately 12,000 of those Members (the "Notices") in windowed envelopes which, under certain circumstances, potentially disclosed protected health information of the recipient to

unauthorized third parties (as further defined below, the "Incident"). Aetna has incurred, and continues to incur, liability, damages, payments, fines, penalties, claims, losses and expenses as a result of Defendants' actions. Aetna also seeks an order from the Court declaring that Defendants are obligated to defend, indemnify, and hold Aetna harmless from and against any and all liability, damages, payments, fines, penalties, claims, losses, and costs and expenses, including attorneys' fees, paid or incurred, or to be paid or incurred, by Aetna relating in any way to the Incident.

2. This Action is related to and arises from matters at issue in the putative class action filed in this District styled *Beckett, et al. v. Aetna Inc., et al.*, 2:17-cv-03864-JS (the "*Beckett* Action"), currently pending before the Honorable Juan R. Sánchez. The obligations, payments and costs and expenses for which Aetna seeks indemnity, contribution and other relief include the payments required to be made and the costs and expenses incurred by Aetna in connection with preliminarily approved settlement and the defense of the *Beckett* Action.

**PARTIES**

3. Plaintiff Aetna is a Pennsylvania corporation with its principal place of business in Connecticut.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Whatley Kallas, LLP is a Colorado limited liability partnership with its primary place of business in Birmingham, Alabama. On its website, Whatley states that it has "litigated cases all over the country, in both federal and state courts, and [has] arbitrated in arbitral forums from coast to coast." Indeed, over the past several years, Whatley is listed on court dockets as counsel of record for plaintiffs in approximately fourteen cases filed in District and State courts in the Commonwealth of Pennsylvania.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Whatley Kallas, LLC is a Colorado limited liability company with its primary place of business in Birmingham, Alabama.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Consumer Watchdog is a California non-profit corporation with offices in Los Angeles, California and Washington D.C.

7. Plaintiff is informed and believes, and thereon alleges, that, for diversity jurisdiction purposes, neither Whatley nor Consumer Watchdog are citizens of the same state, and neither is a citizen of the same state as Aetna.

8. Aetna is informed, believes, and thereon alleges that at all times relevant hereto, the Defendants, acting in concert with each other, associated as counsel to represent the *Doe* plaintiffs in the underlying litigation and intended to and did share both responsibility for the conduct of the litigation and profit from the representation. Defendants had an agreement to do so, and did in fact jointly control, direct and participate in the representation in the underlying litigation. Defendants are thus each vicariously liable for the conduct of the other(s) in performing the acts and omissions alleged in this complaint, and such acts and omissions may be imputed from one Defendant to the other Defendant(s).

9. Aetna is informed, believes, and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, employee, partner, joint venturer, successor and/or predecessor in interest, owner, principal, and/or employer of the remaining Defendants, that each Defendant acted within the course and scope of such agency or employment, and that Defendants aided and abetted each other's conduct. Defendants had advance knowledge of the actions and conduct of each other's actions and omissions, and/or such actions and omissions were ratified,

authorized and approved by the other Defendant(s).

## JURISDICTION AND VENUE

10. This Action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of all costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (1) (diversity jurisdiction).

11. Venue in this district is proper pursuant to 28 U.S.C. §1391(a)(2). A substantial part of events or omissions giving rise to the claims occurred in this District. Also, Aetna is informed and believes, and thereon alleges, that putative class members identified in the *Beckett* Action – including Plaintiff Beckett – include individuals who reside in Pennsylvania, including in this District, and to whom Defendants required Notices to be sent as part of the Settlement, including approximately 700 Notices to Pennsylvania residents, which forms the basis of the *Beckett* Action.

## GENERAL ALLEGATIONS

12. Aetna is one of the nation's leading diversified health care benefits companies, serving an estimated 37.9 million people with information and resources to help them make better informed decisions about their health care. Aetna offers a broad range of traditional, voluntary and consumer-directed health insurance products and related services, including medical, pharmacy, dental, behavioral health, group life and disability plans, medical management capabilities, and other products and services. Its customers include employer groups, individuals, college students, part-time and hourly workers, health plans, health care providers, governmental units, government-sponsored plans, labor groups, and expatriates.

13. In 2014 and 2015 respectively, two putative class action cases were filed against Aetna and certain of its subsidiaries and affiliates in federal courts in California and Florida, *Doe*

*et al. v. Aetna Inc. et al.*, No. 3:14-cv-02986-LAB-DHB (S.D. Cal., Dec. 19, 2014) and *Doe v. Coventry Health Care, Inc. et al.*, No. 0:15-cv-62685-CMA (S.D. Fla. Dec. 22, 2015) (the "*Doe* Lawsuits"). In those lawsuits, the plaintiffs were represented by Whatley and Consumer Watchdog. The *Doe* lawsuits were ultimately settled.

14. Under the terms of the settlement agreement in the *Doe* Lawsuits, which Whatley and Consumer Watchdog signed as counsel for plaintiffs, a written notice was required to be sent to certain of the Members advising them of their options when filling prescriptions for HIV medications. In addition to the Notices, a separate written notice also was required to be sent to certain of the Members regarding their right to file a claim for refunds of certain out-of-pocket costs under the settlement agreement (the "Settlement Notice").

15. Aetna is informed and believes, and thereon alleges, that Whatley and Consumer Watchdog proposed using Kurtzman Carson Consultants, LLC ("KCC"), including its affiliated entities, to serve as the settlement administrator for the Settlement. On information and belief, Whatley had worked with KCC in the past, including using KCC as a settlement administrator.

16. KCC is a Delaware limited liability company that operates as a class action settlement administrator.

17. Aetna is informed and believes, and thereon alleges that KCC considered Whatley to be the requesting attorney for the engagement of its services to act as settlement administrator for the Settlement.

18. Months after the Settlement, KCC generated a proposal for this work (the "Proposal"), which was addressed to Whatley and Aetna's outside legal counsel at the time. The Proposal, however, identified only Whatley, and not Aetna or its former outside legal counsel, as the "Client" to the Proposal, and provided signature blocks for KCC and Whatley exclusively.

The Proposal specifically referenced that KCC would use #10 envelopes to mail the Notices and #10 *window* envelopes to mail the Settlement Notices.

19. KCC has alleged that Whatley was a party to the Proposal.

20. Aetna is informed and believes, and on that basis alleges, that shortly after an amended Proposal was sent to Whatley and Aetna's former outside legal counsel, Whatley demanded that Aetna's outside legal counsel immediately produce confidential protected health information of the Members to KCC.

21. Defendants knew, or should have known, that the terms of the Settlement would require KCC to handle the confidential protected health information of the Aetna Members.

22. Defendants knew, or should have known, that the Proposal required non-windowed envelopes to be used for the Notices.

23. Defendants knew, or should have known, that the words "HIV Medications" were referenced in each of the Notices immediately below each of the recipient's names and addresses.

24. Aetna is informed and believes, and on that basis alleges, that Defendants did not take any steps to ensure that the confidentiality of the plaintiffs' and Aetna's Members' sensitive data was protected.

25. Aetna's former outside legal counsel produced this data to KCC at the behest and demand of Defendants.

26. Thereafter, Aetna is informed and believes, and on that basis alleges, that Defendants worked with and/or supervised KCC, including by (1) reviewing proofs of both the Notices and Settlement Notices, including the final proofs of those notices; (2) exchanging multiple emails regarding the formatting of the letters; (3) reviewing and editing proposed

6

"Frequently Asked Questions" for administration of the Settlement and discussing content for the proposed interactive voice responses required by the Settlement; (4) selecting the specific date of mailing of the Notices and Settlement Notices; and (5) confirming with KCC, on the date the Notices and Settlement Notices were to be mailed, that they were in fact being mailed out on that day.

27. Aetna is informed and believes, and thereon alleges, that Defendants did not review the final proofs of the envelopes that would be used to send the Notices and Settlement Notices.

28. On July 28, 2017, notwithstanding the Proposal's specific reference that non-windowed envelopes would be used to mail the Notices, KCC improperly mailed the Notices to Members using envelopes with see-through address windows, even though KCC knew, or should have known, that they were handling confidential protected health information. KCC mailed the Notices to thousands of Members, including to approximately 700 Aetna Members residing in Pennsylvania.

29. In early August 2017, Aetna began receiving calls and emails from Members who had received the Notice, and claimed the words "HIV Medications" could be viewed, in whole or in part, through the envelope's window below the Member's name and address.

30. On August 28, 2017, Plaintiff Andrew Beckett, who alleged he is a resident of Pennsylvania, filed the *Beckett* Action. Among other things, the class action complaint alleged that the Notices were positioned in their envelopes in such a manner that allowed the words "HIV Medications," in whole or in part, to be viewed through the envelope's window below the Member's name and address. The class action complaint further alleged that this allowed unauthorized persons to view confidential HIV-related information of Plaintiff Beckett and the

putative class members, causing substantial damage and harm to them.

31.     On September 29, 2017, without admitting any wrongdoing or fault, Aetna initiated a program to address the possible risks of potential immediate harm caused by the Incident to potentially affected Members and their families. The relief provided under this immediate relief program included counseling and emergency financial assistance.

32.     In addition to the *Beckett* Action, six other class action lawsuits were filed against Aetna or Aetna-related entities in various state and federal courts across the country, complaining of the Incident. *R.H. v. Aetna, Inc.*, Case No. 2:17-cv-04566 (E.D.Pa.); *Doe v. Aetna., Inc.*, et al., Case No. 3:17-cv-05191-RS (N.D. Cal.); *Doe v. Aetna, Inc.*, Case No. 3:17-cv-1947-H-JLB (S.D. Cal); *Doe v. Aetna, Inc.*, Case No. 3:17-cv-01751 (D.Conn.); *S.A. v. Aetna, Inc.*, et. al., Case No. BC674088 (Cal. Sup.); *Doe v. Aetna, Inc.*, Case No. 4:17-cv-00929 (W.D.Mo.).

33.     Five of these aforementioned class action lawsuits were voluntarily joined and/or been consolidated with the *Beckett* Action in the Eastern District of Pennsylvania (the "Consolidated Action"), and the sixth, *Doe v. Aetna, Inc.*, Case No. 4:17-cv-00929 (W.D.Mo.), has been ordered transferred and consolidated with that Court pursuant to successful motions by Aetna.

34.     On January 17, 2018, Plaintiffs in the Consolidated Action filed a Motion for Preliminary Approval of Class Action Settlement. As part of the class action settlement, Aetna agreed to resolve all claims for a total sum of $17,162,000, while at the same time preserving all rights to pursue all claims against non-parties to the settlement, including claims against Whatley and Consumer Watchdog for, among other things, contribution, indemnity, reimbursement and damages. The Eastern District of Pennsylvania granted preliminary approval of that settlement

on May 10, 2018.

35. In addition, three individual actions have also been filed against Aetna, also complaining of harm and damages allegedly caused by the Incident. *Smith v. Aetna, Inc.*, Case No. 2:17-cv-12668 (D.N.J.); *Doe v. Aetna, Inc.*, et al., Case No. C17-02082 (Cal. Sup. Ct., Contra Costa Cnty.); and *D.L., v. Aetna, Inc.*, et al, Case No. 30-2018-00981438 (Cal. Sup. Ct., Orange Cnty.).

36. In total, to date, ten lawsuits have been filed against Aetna or Aetna-related entities alleging harm and damages purportedly caused by the Incident (together, the "Underlying Actions").

37. In addition to the Underlying Actions, several state attorneys general, as well as the United States Department of Health and Human Services, have opened up investigations into the Incident (the "Investigations"). The Investigations have and potentially could lead to civil penalties against Aetna as a result of the Incident. In fact, Aetna has already paid $1,000,000 in fines related to one of the Investigations.

38. Aetna has incurred, and continues to incur, substantial costs and expenses as a result of the Incident, including attorneys' fees and expenses associated with defending itself in the Underlying Lawsuits and Investigations.

39. On August 1, 2017 and October 11, 2017, Aetna sent letters to Whatley and Consumer Watchdog notifying them of claims and/or demanding that they defend, indemnify, and/or hold Aetna harmless from and against any liability, damages, payments, penalties, claims, losses, and costs and expenses, including attorneys' fees, relating to the Incident, the Underlying Actions, and the Investigations.

40. Defendants each have refused, and continue to refuse, to do so.

## COUNT ONE

(Implied Indemnity)

41. Aetna re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

42. The acts, errors, omissions and negligence of Defendants, and each of them, are direct and proximate causes of the Incident.

43. Aetna would not have been sued by certain of its Members but for the acts, errors, omissions and negligence of Defendants, as described herein.

44. As a direct and proximate result of the acts, errors, omissions and negligence of Defendants, and each of them, Aetna has incurred, and will continue to incur, damages as alleged above.

45. Aetna denies all liability in connection with the Incident, the Underlying Actions and the Investigations. However, as Aetna has already incurred damages in the form of settlements and the payment of fines in connection with the Investigations, as well as attorney's fees, said liability or responsibility is vicarious only and is the direct and proximate result of the acts, errors, omissions and negligence of Defendants, and each of them.

46. As counsel for the Plaintiffs in the *Doe* Lawsuits tasked with administering the Settlement, Defendants, and each of them, assumed and undertook a duty to protect the putative class of Aetna Members. Defendants are therefore liable to, and must defend and indemnify Aetna from any and all liability, damages, payments, claims, settlements, fines, penalties, losses, expenses, costs, and attorneys' fees arising from or in connection with the Incident, the Underlying Actions and the Investigations.

47. As set forth above, Defendants, and each of them, have failed and refused, and

continue to fail and refuse, to defend or indemnify Aetna. As a direct and proximate result thereof, Aetna has been damaged, in an amount not less than $20 million, for, among other things, amounts paid or incurred, or to be paid or incurred, by Aetna pursuant to the *Beckett* Settlement, or in connection with the Incident, the Underlying Actions or the Investigations, and for costs and attorneys' fees.

## COUNT TWO

(Equitable Indemnity / Comparative Negligence)

48. Aetna re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Defendants, and each of them, voluntarily assumed a duty to the Members, including but not limited to, (i) by demanding as a term of the Settlement that Notices and Settlement Notices be sent out to plaintiffs and the putative class members; (ii) by proposing KCC to act as the settlement administrator; (iii) by Whatley being named by KCC as the "Client" in and signatory to the Proposal without objection; and (iv) by working with and/or supervising KCC in connection with the mailing of the Notices, and/or failing to adequately supervise KCC, as alleged above.

50. To the extent that Aetna has been and continues to be injured as a result of any settlements, payment of any fines, and/or finding of liability to its Members arising from the Incident, which liability is expressly denied, Aetna is entitled to equitable indemnity, and Defendants have an equitable duty to defend Aetna from any and all liability, damages, payments, settlements, fines, penalties, claims, losses, expenses, costs and attorneys' fees arising from or in connection with the Incident, the Underlying Actions and the Investigations, and is further obligated to indemnify Aetna for such liability, damages, payments, settlements, fines,

penalties, claims, losses, expenses, costs, and attorneys' fees incurred and to be incurred by Aetna.

51. Aetna has demanded that Defendants defend and indemnify Aetna as set forth above, but Defendants have failed and refused, and continues to fail and refuse, to do so.

## COUNT THREE

(Contribution Pursuant to Pa. Const. Stat. § 8324)

52. Aetna re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

53. As a result of the acts, errors, omissions and negligence of Defendants, and each of them, to date, claims in excess of $20 million have been made against Aetna in the Underlying Actions.

54. In addition, Aetna faces possible civil penalties, in an amount unknown at this time, as a result of the Investigations.

55. Aetna is entitled to contribution from Defendants, and each of them, for their proportionate share of all liability, damages, payments, penalties, claims, losses, expenses, fees and costs, including attorneys' fees and expenses, incurred by Aetna as a result of the Incident, the Underlying Actions and the Investigations.

## COUNT FOUR

(Declaratory Relief)

56. Aetna re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

57. An actual controversy has arisen and now exists between Aetna and Defendants, and each of them, in that Aetna alleges, and Defendants deny, that Defendants are obligated to

defend, indemnify, and hold Aetna harmless as set forth above.

58. An actual controversy has also arisen and now exists between Aetna and Defendants, and each of them, in that Aetna alleges, and Defendants deny, that Defendants, and each of them, are responsible for the Incident.

59. As a result of such controversy, it is necessary and appropriate at this time for the Court to declare and determine Aetna's right to be indemnified and/or to receive contribution and reimbursement from Defendants for any liability, damages, settlements, fines, penalties, claims, losses, expenses, costs, and attorneys' fees paid or incurred, or to be paid or incurred, by Aetna in connection with the Incident, the Underlying Actions and the Investigations.

60. It is also necessary and appropriate for the Court to declare and determine Aetna's right to be indemnified and/or to receive contribution and reimbursement from Defendants from and against any losses incurred in connection with future actions arising out of the Incident. In addition, it is necessary and appropriate for the Court to declare and determine the proportion of fault assigned to Defendants for the Incident.

61. Aetna has no adequate remedy otherwise at law.

### **PRAYER**

**WHEREFORE**, Aetna prays for judgment against Defendants and hereby requests as follows:

1. Damages in an amount to be determined at trial, of not less than $20 million;

2. Declaratory relief declaring that Aetna is entitled to be defended, indemnified and held harmless by Defendants from all liability, damages, settlements, fines, penalties, payments losses, costs, judgments, expenses, and attorneys' fees in connection with the Incident and the

defense of the Underlying Actions and Investigations or future actions, investigations or proceedings arising from or relating to the Incident;

3. Other declaratory relief as appropriate;

4. An award of the cost of suit and reasonable attorneys' fees; and

5. Such other and further relief as the Court may deem just and proper.

Aetna demands a jury trial on all matters triable to a jury.

Respectfully submitted,

/s/ Frederick P. Santarelli

FREDERICK P. SANTARELLI
THOMAS J. ELLIOTT
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19244
fpsantarelli@elliottgreenleaf.com
txe@elliottgreenleaf.com
(215) 977-1000

MATTHEW P. KANNY (*pro hac vice forthcoming*)
DONNA L. WILSON (*pro hac vice forthcoming*)
BRANDON P. REILLY (*pro hac vice forthcoming*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
mkanny@manatt.com
dlwilson@manatt.com
(310) 312-4225

*Counsel for Aetna Inc.*

Dated: May 23, 2018